[672 NYS2d 889]

In the Matter of Frank T. D'Onofrio, Jr., an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, May 11, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Maryann Yanarella* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated May 23,

1997, which contained five charges of professional misconduct. In his answer, the respondent admitted some of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all five charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm the Special Referee's report, and the respondent cross-moves to disaffirm the report and, alternatively, to limit any sanction imposed to a public censure.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and/or conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]), by converting funds entrusted to him.

In or about April 1990, the respondent was given a check for $2,500 by Sarantos Moundroukas for the printing costs of an appeal that the respondent was prosecuting for Mr. Moundroukas. The respondent deposited the funds into an interest-bearing escrow account. The printer submitted bills dated November 30, 1990 and January 21, 1991, totaling more than $4,300. In or about January 1991, the respondent withdrew the $2,500, plus accrued interest, from his escrow account and deposited the funds into his operating account. He also sent a bill to Mr. Moundroukas applying the funds to the bill without Mr. Moundroukas' consent. The bill included the printing costs. There was no indication on the bill that the $2,500 had been withdrawn from the respondent's escrow account. The respondent sent Mr. Moundroukas another bill in or about February 1991.

Charge Three alleged that the respondent breached his fiduciary responsibilities, in violation of Code of Professional Responsibility DR 9-102 (C) (1) and (4) (22 NYCRR 1200.46 [c] [1], [4]), by failing to notify a third party of the receipt of funds and/or by failing to pay funds to which the third party was entitled.

The respondent failed to inform the printer that Mr. Moundroukas had provided $2,500 for printing costs, and the respondent failed to pay the $2,500 to the printer.

Charge Four alleged that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27).

After February 1991, the respondent and the printer agreed that the respondent would attempt to have Mr. Moundroukas

pay the printing bill. If he was unsuccessful, the respondent would commence a lawsuit to collect the outstanding monies. In or about the fall of 1992, the respondent brought an action against Mr. Moundroukas in Yonkers City Court for his legal fees and expenses, including the total amount of the printing bill. In or about 1995, the printer brought an action against the respondent in New York County for the full amount of the printing bill. The respondent then brought a third-party action against Mr. Moundroukas.

Charge Five alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about January 1996, a verdict in favor of the respondent was rendered in Yonkers City Court. Mr. Moundroukas was ordered to pay the respondent's legal fees, including the printing bill. In or about June 1996, a judgment was entered against the respondent in the action that was commenced by the printer. In an effort to satisfy the judgment against his client, the attorney for Mr. Moundroukas wrote letters to the respondent dated May 17 and June 18, 1996. The respondent failed to answer those letters until copies of them were sent to him by the petitioner with a request that he supply the petitioner with copies of any answers thereto.

In view of the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained Charges One, Three, Four, and Five. Charge Two, however, should not have been sustained.

In determining the appropriate measure of discipline to impose, we have considered the letters submitted by the respondent from, among others, several attorneys attesting to his good character and fitness to practice law.

The respondent's prior disciplinary history consists of a letter of admonition dated February 7, 1992, for neglect and a public censure dated November 14, 1994, for neglect and various failures to cooperate with the Grievance Committee.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the motion by the petitioner to confirm the report of the Special Referee is granted insofar as Charges One, Three, Four, and Five are sustained, and the motion is otherwise denied; and it is further,

Ordered that the cross motion, *inter alia,* to disaffirm the respect of the Special Referee is granted insofar as Charge Two is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Frank T. D'Onofrio, Jr., is suspended from the practice of law for a period of two years, commencing June 11, 1998, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during the two-year period, he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Frank T. D'Onofrio, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.