**In re Frank T. D'ONOFRIO, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1207.**

District of Columbia Court of Appeals.

Submitted Dec. 12, 2000.

Decided Jan. 4, 2001.

Before TERRY, SCHWELB, and WASHINGTON, Associate Judges.

PER CURIAM.

On May 11, 1998, Frank T. D'Onofrio, Jr., was suspended from the practice of

---

law in New York for a period of two years. *In re D'Onofrio*, 242 A.D.2d 31, 672 N.Y.S.2d 889 (App. Div. 1998) (per curiam) (*D'Onofrio I*). The court conditioned reinstatement on proof that D'Onofrio has fully complied with the terms of his suspension and that he "has otherwise properly conducted himself." *Id.* at 890–91. The relevant facts are set forth in the opinion of the Appellate Division in *D'Onofrio I*, and we need not recite them here.

▉ Following the imposition of discipline in New York, D'Onofrio reported his suspension to District of Columbia Bar Counsel, as required by D.C. Bar R. XI, § 11(b). Bar Counsel filed with this court a certified copy of the New York disciplinary order. On September 17, 1999, this court temporarily suspended D'Onofrio pursuant to D.C. Bar R. XI, § 11(d). We then referred the matter to the Board on Professional Responsibility for an appropriate recommendation.

▉ The Board has now recommended that this court impose reciprocal discipline by suspending D'Onofrio for two years, with a requirement that D'Onofrio demonstrate his fitness as a condition of reinstatement. Neither Bar Counsel nor D'Onofrio has excepted to the Board's recommendation. Under these circumstances, our deferential standard of review, *see* D.C. Bar R. XI, § 11(f), is even more deferential. *In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C.1995); *see also In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992) (recognizing a rebuttable presumption that the sanction imposed by this court in a reciprocal proceeding should be identical to that imposed by the original disciplining court).

▉ In its Report, the Board has correctly noted that in New York, disciplinary violations must be proved by a preponderance of the evidence. In the District of

Columbia, on the other hand, Bar Counsel must prove such violations by clear and convincing evidence. *In re Benjamin*, 698 A.2d 434, 439 (D.C.1997). This variation between New York and the District with respect to the standard of proof does not, however, preclude imposition of an identical sanction as reciprocal discipline, *id.* at 440, especially where, as here, D'Onofrio has not excepted to the proposed sanction. Finally, the proposed discipline is within the range of sanctions which this court would impose for a similar violation. *See, e.g., In re James*, 452 A.2d 163, 170 (D.C. 1982), *cert. denied*, 460 U.S. 1038, 103 S.Ct. 1429, 75 L.Ed.2d 789 (1983).

For the foregoing reasons, Frank T. D'Onofrio, Jr., is hereby suspended from the practice of law in the District of Columbia for a period of two years, with reinstatement conditioned upon a showing of fitness.[1] We note that D'Onofrio has not filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct D'Onofrio's attention to the requirements of that rule and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

▉

---

1. The Board takes the position that a fitness requirement is functionally equivalent to the showing required by the Appellate Division

before D'Onofrio can be reinstated to practice in New York. We agree.